FILED
AUG 19 2011
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALBERT BURKLEY,<br>    Petitioner,<br>v.<br>FRANCISCO JACQUEZ, Warden,<br>    Respondent. | Case No. CV 11-5852-VAP (MLG)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling dismissing the petition as successive under 28 U.S.C. § 2244(b)(3)(a), a COA is denied.

Before Petitioner may appeal the Court's decision dismissing his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.

1  P. 22(b).

2      The court determines whether to issue or deny a COA pursuant to
3  standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);
4  *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c).
5  Ordinarily, a COA may be issued only where the petitioner has made
6  a "substantial showing of the denial of a constitutional right." 28
7  U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. Where, as here, the
8  district court denies a habeas petition on procedural grounds,
9  without reaching the prisoner's underlying constitutional claim, a
10 COA should issue when the prisoner shows, at least, that jurists of
11 reason would find it debatable whether the petition states a valid
12 claim of the denial of a constitutional right and that jurists of
13 reason would find it debatable whether the district court was correct
14 in its procedural ruling. *Slack*, 529 U.S. at 484, See also *Miller-
15 El*, 537 U.S. at 338.

16     In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the
17 court noted that this amounts to a "modest standard". (Quoting
18 *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed,
19 the standard for granting a COA has been characterized as
20 "relatively low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir.
21 2004). A COA should issue when the claims presented are "adequate
22 to deserve encouragement to proceed further." *Slack*, 529 U.S. at
23 483-84, (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); see
24 also *Silva*, 279 F.3d at 833. If reasonable jurists could "debate"
25 whether the petition could be resolved in a different manner, then
26 the COA should issue. *Miller-El*, 537 U.S. at 330.

27     Under this standard of review, a COA will be denied. In
28 dismissing this petition for writ of habeas corpus, this Court found

that the petition was challenging the same conviction and sentence which was the subject of an earlier petition that was denied on the merits. Petitioner cannot make a colorable claim that jurists of reason would find debatable or wrong the decision dismissing the petition as successive.

Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a certificate of appealability.

Dated: _August 18, 2011_____

*Virginia A. Phillips*
Virginia A. Phillips
United States District Judge


Presented By:

*Marc L. Goldman*
Marc L. Goldman
United States Magistrate Judge